# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BERTHE BENYAM ABRAHA, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 1:16-00680 (CKK) |
| COLONIAL PARKING, INC., *et al.*, | |
| Defendants. | |

## MEMORANDUM IN SUPPORT OF
## DEFENDANT COLONIAL PARKING, INC.'S
## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

## TABLE OF CONTENTS

Page

I.  COUNT ONE SHOULD BE DISMISSED BECAUSE THE PLAINTIFFS FAIL TO ALLEGE SUFFICIENT FACTS TO STATE A CLAIM FOR RELIEF....................6

A.  The Plaintiffs Fail to Allege Sufficient Facts to Support Their Claim that Colonial Breached its Fiduciary Duty Under 29 U.S.C. §1104.........................6

1.  Plaintiffs Fail to Sufficiently Allege that Colonial Was a Fiduciary with Respect to the Challenged Actions. .............................................................6

2.  Plaintiffs Fail to Sufficiently Allege that Colonial Was Responsible for Administering Claims, Filing Reports, and Providing Employee Disclosures. ................................................................................................8

3.  Even if Colonial Had Been a Fiduciary with Respect to the Challenged Actions, Plaintiffs Fail to Sufficiently Allege that Colonial Breached its Fiduciary Duties.................................................................................9

B.  The Plaintiffs Fail to Allege Sufficient Facts to Support Their Claim that Colonial Caused the Plan to Engage in Transactions Prohibited by 29 U.S.C. §1106.................................................................................................12

C.  The Plaintiffs Fail to Allege Sufficient Facts to Support Their Claim that Colonial is Liable as a Co-Fiduciary Under 29 U.S.C. § 1105. .........................13

1.  The Plaintiffs Have Failed to State a Claim for Breach of Fiduciary Duty Against FCE.................................................................................13

2.  Even if the Plaintiffs Had Stated a Claim for Breach of Fiduciary Duty Against FCE, They Have Not Sufficiently Stated a Claim Against Colonial as a Co-Fiduciary. ..................................................................15

D.  Plaintiffs Fail to Allege Sufficient Facts to Support Their Claim that Colonial Failed to Comply with ERISA's Reporting and Disclosure Requirements....16

E.  Plaintiffs Fail to Allege Sufficient Facts to Support Their Claim that Colonial Failed to Provide a Claims Procedure that Comports with 29 U.S.C. § 1133.17

II.  COUNT ONE MUST BE DISMISSED BECAUSE THE STATUTE OF LIMITATIONS HAS EXPIRED.................................................................................18

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arakelian v. Nat'l W. Life Ins. Co.*,
  680 F. Supp. 400 (D.D.C. 1987) .........................................................................................19

*\*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................. *passim*

*Atherton v. D.C. Office of Mayor*,
  567 F.3d 672 (D.C. Cir. 2009) ............................................................................................1

*Beddall v. State St. Bank & Trust Co.*,
  137 F.3d 12 (1st Cir. 1998) ..................................................................................................6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................................................5, 11

*In re BP P.L.C. Sec. Litig.*,
  No. 4:10-CV-4214, 2015 WL 6674576 (S.D. Tex. Oct. 30, 2015) ....................................11

*Danza v. Fid. Mgmt. Trust Co.*,
  533 F. App'x 120 (3d Cir. 2013) .........................................................................................7

*Fink v. Nat'l Sav. & Trust Co.*,
  772 F.2d 951 (D.C. Cir. 1985) ...........................................................................................19

*\*Hartline v. Sheet Metal Workers' Nat. Pension Fund*,
  134 F. Supp. 2d 1 (D.D.C. 2000), *aff'd*, 286 F.3d 598 (D.C. Cir. 2002) ...........................6, 8

*Hughes Aircraft Co. v. Jacobson*,
  525 U.S. 432 (1999) .............................................................................................................7

*Leckey v. Stefano*,
  501 F.3d 212 (3d Cir. 2007) .................................................................................................6

*\*Lockheed Corp. v. Spink*,
  517 U.S. 882 (1996) ....................................................................................................7, 8, 13

*In re Mut. Fund Inv. Litig.*,
  403 F. Supp. 2d 434 (D. Md. 2005) ......................................................................................6

*Perez v. Chimes District of Columbia*,
  No. 1:15-cv-03315 (D. Md. filed Oct. 30, 2015) ...............................................................2, 5

*Pharm. Research & Manufacturers of Am. v. United States Dep't of Health & Human Servs.*,
  43 F. Supp. 3d 28, 33 (D.D.C. 2014) ................................................................. 10, 14

*Philips v. Pitt Cty. Mem'l Hosp.*,
  572 F.3d 176 (4th Cir. 2009) ................................................................................ 3, 6, 8

*Renfro v. Unisys Corp.*,
  671 F.3d 314 (3d Cir. 2011) ....................................................................................... 15

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) ..................................................................................................... 6, 8

*\*Wright v. Oregon Metallurgical Corp.*,
  360 F.3d 1090 (9th Cir. 2004) ................................................................................. 7, 13

*Young v. Gen. Motors Inv. Mgmt. Corp.*,
  325 F. App'x 31 (2d Cir. 2009) ...................................................................................... 9

**Statutes**

29 U.S.C. § 1002(21)(A) ............................................................................................... 6

*29 U.S.C. §§ 1021-1024 ....................................................................................... 5, 16

29 U.S.C. § 1102(a) ...................................................................................................... 6

*29 U.S.C. § 1104 ............................................................................................... 5, 6, 8

*29 U.S.C. § 1105 ................................................................................................ *passim*

*29 U.S.C. § 1106 ......................................................................................... 5, 12, 13

*29 U.S.C. § 1133 ............................................................................................... 5, 17

Employee Retirement Income Security Act of 1974 ("ERISA")
  29 U.S.C. §§ 1001, *et seq.* ............................................................................ *passim*

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ................................................................. *passim*

Defendant Colonial Parking, Inc. ("Colonial"), by counsel, submits this Memorandum in Support of its Motion to Dismiss For Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and states as follows:

## **Introduction**

Without factual support, Plaintiffs have filed a two-count Complaint against Colonial and FCE Benefit Administrators, Inc. ("FCE") alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*  It appears that Plaintiffs copied allegations from an unrelated Complaint filed in another court against FCE ***which has nothing to do with Colonial***, hoping that this Court will permit a fishing expedition on mere conclusory statements alone.  Particularly with respect to Colonial, this copycat Complaint is not sufficient under federal pleading standards, and indeed, although the thrust of Plaintiffs' theory is that FCE charged "excessive" fees related to an Employee Health and Welfare Plan ("Plan," sometimes referred to in the Complaint as the "DUB Plan"), nowhere does the Complaint allege a fact or incident suggesting that a single fee charged is excessive.  Plaintiffs provide nothing more than vague, conclusory allegations, merely setting forth a laundry list of ERISA provisions. In addition, even if the claims had been sufficiently alleged, Plaintiffs' claim stretches far beyond the applicable statute of limitations and is therefore time-barred.

As more fully set forth below, the single count against Colonial should be dismissed because the Complaint is insufficient and implausible on its face.

## **Background**[1]

Plaintiffs' allegations in this action are essentially a reproduction of claims recently-filed by the Department of Labor ("DOL") against FCE and others (***not including Colonial***) in *Perez*

---

[1]  Solely for purposes of this motion, Defendant Colonial accepts as true the facts alleged in the Complaint.  *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009).

*v. Chimes District of Columbia*, No. 1:15-cv-03315 (D. Md. filed Oct. 30, 2015).  By re-styling

DOL's arguments from that case and alleging only broad generalizations against Colonial, it is

apparent that the Complaint here is nothing more than a vehicle for the Plaintiffs to pursue

copycat litigation.  They have simply inserted Colonial for the employer in the *Chimes* case,

hoping that a discovery fishing expedition will reveal something.  For example, both the DOL

complaint and the Complaint here frame the respective cases as challenges to the "excessive

fees" that FCE supposedly charged to employee benefit plans.  Compare Compl. ¶ 6, with

*Chimes* Compl. ¶ 3.  Similarly, both complaints allege the same basis for claiming that the

defendants are fiduciaries under ERISA.  Compare Compl.  ¶ 18, with *Chimes* Compl. ¶ 10.

Moreover, the single count against Colonial in this action replicates the claims DOL brings

against the *Chimes* defendants in its complaint.  Compare Compl.  ¶ 56, with *Chimes* Compl. ¶¶

61, 64, 68, 69, 75.  Finally, the plaintiffs pray for relief almost identical to that requested by DOL

in *Chimes*.  Compare Compl. Prayer for Relief, with *Chimes* Compl. Prayer for Relief.  While

the Plaintiffs repeatedly cite the *Chimes* complaint to support their claims in this case, Colonial is

not a party to the *Chimes* litigation, and Plaintiffs cannot – and do not—allege adequate facts

related to Colonial and the Plan at issue in this case to make a claim under Rule 12(b)(6).  See

Compl. ¶¶ 9, 39-42.

The Plan in this action (as distinguishable from the plan involved in the *Chimes*

litigation) covered employees working pursuant to a government contract between Colonial and

the National Institutes of Health ("NIH").  Compl. ¶¶ 4-5.  FCE served as the Third Party

Administrator of the Plan, and Marilyn A. Ward served as the Trustee.[2]    Compl. ¶¶ 4, 19, 31,

---

[2]  The applicable Plan documents are attached as Exhibits "A" and "B."  This Court may
consider these documents on this Motion to Dismiss because the parties' contractual relationship
is referenced in, and integral to, the Complaint.  Compl. ¶¶ 4-5, 19, 21, 24-26, 55; *see Tellabs,*

32, 55(g).  A second Trustee, Vivian C. Lewis, was added in 2006.  Ex. A.[3]  The Plaintiffs claim

they are or were participants in or beneficiaries of the Plan.  Compl. ¶¶ 13-16.  Neither Trustee

has been named as a defendant.  Compl., *generally*.

Specifically, Plaintiffs allege that Colonial contracts with FCE to administer the Plan.

Compl. ¶ 4.  They contend that "[p]art of FCE's product offering is the undertaking to establish

DUB Accounts for the employees of government contractors, and then administer those

Accounts for the benefit of those employees."  Compl. ¶ 21.  They allege that the Plan operates

as follows: Colonial contributes money to the Plan, and FCE allocates such contributions to each

individual participant's Account.  Compl. ¶ 5.  FCE then withdraws money for payments of

insurance premiums and fees to FCE and others.  *Id*.  Any amounts not used for such purposes

are held in trust for the Plan participants.  *Id*.  Participants are credited with a share of the Plan's

investment earnings.*Id*.

Plaintiffs conclude that both Colonial and FCE are fiduciaries with respect to the Plan by

virtue of their positions—Colonial as plan administrator and FCE as third-party administrator—

and because they exercised discretionary control or authority over the Plan.  Compl. ¶¶ 18-19.

According to Plaintiffs, FCE extracted "excessive" fees from Plan accounts.  Compl. ¶ 6.  They

claim that before October 1, 2006, FCE administered the Plan accounts for a per participant fee

of $4.50 per month.  Compl. ¶ 24.  Plaintiffs admit that this amount was "reasonable."  *Id*.  They

assert, however, that in October, 2006, they discovered that the fee structure for the Plan

changed.  Compl. ¶ 25.  They allege that "the FCE fee was changed from a fixed per participant

---

*Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Philips v. Pitt Cty. Mem'l Hosp.*,
572 F.3d 176, 180 (4th Cir. 2009).

[3] Exhibit A contains both the original Trust Document and the amendment to the Trust
Document.

amount to a percentage of the monthly contributions made to the DUB Accounts." *Id.*  Plaintiffs

then conclude: "Even if a fiduciary were to accept a percentage based fee, no prudent and honest

fiduciary would allow fees at the grossly excessive level of the FCE and Trustee fees – 12% for

FCE and 2% for the Plan Trustee." *Id.*

      Plaintiffs summarily conclude that Colonial decided to change the basis of the fees paid

to FCE and the Trustee "in order to shift costs it was obligated to pay onto the Participants."

Compl. ¶ 55(c).  Without positing a motive for doing so, Plaintiffs contend that Colonial

permitted FCE to "steer" plan participants "to coverage they did not need and could not afford in

order to increase FCE's fees."  Compl. ¶ 55(e).

      Without any factual support, Plaintiffs further contend that the trust fund holding excess

amounts for plan participants ("Trust") has been mismanaged.  Compl. ¶ 7.  They claim that

Colonial appointed the trustee for the Plan, Marilyn Ward ("Trustee"), when it knew or should

have known that she was affiliated with FCE and was not qualified to be an investment manager.

Compl. ¶ 55.  They also contend that Plan participants have recently received distributions

"made from the trust fund of another client of FCE, suggesting that the supposed Colonial DUB

Plan Trust either does not exist or has been stripped of the assets necessary to support

distributions."  Compl. ¶¶ 7, 35.  They maintain that "no disclosure has been made to Plaintiffs

regarding investment guidelines or procedures pertaining to their accounts or the financial

instruments held and invested by the Plan on their behalf."  Compl. ¶ 32.  Plaintiffs also allege

that statements they received show "unexplained reductions in account balances."  Compl. ¶ 33.

      Plaintiffs argue that Colonial and FCE have not complied with any of the reporting or

disclosure provisions of ERISA, stating "no annual reports and no summary plan descriptions."

Compl. ¶ 38.  They allege that "Colonial sporadically provides some information about the DUB

Accounts, but it is not on any regular basis and there is never any accompanying explanation."
*Id*.  They further maintain that "[t]here is no record that any annual reports required under
ERISA with respect to the DUB Plan have been filed with the IRS."  Compl. ¶ 32.

Based on these conclusory allegations, mostly copied from the *Chimes* litigation,
Plaintiffs speculate that Colonial: (1) failed to discharge its fiduciary duties in accordance with
29 U.S.C. § 1104; (2) caused the Plan to engage in prohibited transactions in violation of 29
U.S.C. § 1106; (3) participated as a co-fiduciary pursuant to 29 U.S.C. § 1105 in breaches
committed by FCE; (4) failed to abide by the reporting and disclosure requirements in 29 U.S.C.
§§ 1021-1024; and (5) failed to maintain a claims process under 29 U.S.C. § 1133.  See Compl.
¶¶ 56-58.

**Standard of Review**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,
accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556
U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is
plausible on its face "when the plaintiff pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The complaint
must contain "more than labels and conclusions, and a formulaic recitation of a cause of action's
elements will not do."  *Twombly*, 550 U.S. at 555.  "[W]here the well-pleaded facts do not permit
the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it
has not 'show[n]'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Fed.
R. Civ. Proc. 8(a)(2)).  Although the court must accept the facts alleged in the complaint as true,
it is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id* at 678.
(internal quotation marks omitted).

In addition to the complaint, the Court must "examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Such documents include "those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). In an ERISA action, courts may review any plan document relied on by the plaintiff or central to the complaint. *See Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998); *In re Mut. Fund Inv. Litig.*, 403 F. Supp. 2d 434, 440 (D. Md. 2005).

## Argument

## I.   COUNT ONE SHOULD BE DISMISSED BECAUSE THE PLAINTIFFS FAIL TO ALLEGE SUFFICIENT FACTS TO STATE A CLAIM FOR RELIEF.

### A.   The Plaintiffs Fail to Allege Sufficient Facts to Support Their Claim that Colonial Breached its Fiduciary Duty Under 29 U.S.C. §1104.

Without factual support, Plaintiffs claim that Colonial failed to discharge its fiduciary duties in accordance with ERISA's standard of care. Under ERISA, to demonstrate a claim for breach of fiduciary duty, a plaintiff must show that (1) the defendant is a fiduciary with respect to the action taken; (2) the defendant's action breached a duty imposed by ERISA, and (3) the plan suffered a loss. *See Leckey v. Stefano*, 501 F.3d 212, 225-26 (3d Cir. 2007).

1.   Plaintiffs Fail to Sufficiently Allege that Colonial Was a Fiduciary with Respect to the Challenged Actions.

Under ERISA, a fiduciary named in the plan instrument, or a person who "exercises any discretionary authority or discretionary control" over management of a plan or disposition of its assets, is a fiduciary with respect to that plan. 29 U.S.C. §§ 1002(21)(A), 1102(a). However, "the question of whether a party acts as a fiduciary is to be determined with respect to the nature of each particular activity at issue." *Hartline v. Sheet Metal Workers' Nat. Pension Fund*, 134 F.

6

Supp. 2d 1, 15 (D.D.C. 2000), *aff'd*, 286 F.3d 598 (D.C. Cir. 2002).  Thus a party may act as a fiduciary with respect to some actions but not to others.  *See id.*

Here, Plaintiffs have not alleged that Colonial was a fiduciary with respect to the specific challenged actions.  Rather, they argue that Colonial is liable as a fiduciary "by virtue of its position as Plan Administrator and because it had or exercised discretionary control over the management of the DUB Plan."  Compl. ¶ 18.  This broad assertion is insufficient to demonstrate that Colonial was a fiduciary with respect to the specific actions challenged by Plaintiffs.

Indeed, the actions identified by Plaintiffs were undertaken by Colonial in its role as a settlor, not as a fiduciary.  When employers who sponsor plans adopt, modify, or terminate a plan, "they do not act as fiduciaries."  *Lockheed Corp. v. Spink*, 517 U.S. 882, 890 (1996) (citing *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995)).  Rather, they "are analogous to the settlors of a trust."  *Id.*  Here, Colonial's decisions to hire FCE as a third party administrator and appoint the Trustee[4] were made when Colonial adopted and designed the Plan.  Adopting and creating the plan are settlor duties, not fiduciary ones.  *See id.*

Similarly, taking as true the Plaintiffs' allegation that Colonial changed the basis of fees paid to FCE and the Trustee, such action represents a change to the plan design undertaken in Colonial's role as a settlor.  *See Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 444 (1999) ("ERISA's fiduciary duty requirement simply is not implicated where Hughes, acting as the Plan's settlor, makes a decision regarding the form or structure of the Plan such as who is entitled to receive Plan benefits and in what amounts, or how such benefits are calculated."); *Danza v. Fid. Mgmt. Trust Co.*, 533 F. App'x 120, 124 (3d Cir. 2013) ("[A]t the point that

---

[4]  Specifically, Plaintiffs claim that Colonial acted as a fiduciary in "its selection of FCE and approval of its terms for providing services integral to the operation of the DUB Plan, as well as its appointment of the DUB Plan Trustee."  Compl. ¶ 18.

Fidelity was negotiating its fees with A & P, it was not a fiduciary of the plan and owed no duty

to the plan participants to 'defray[ ] reasonable expenses of administering the plan.' 29 U.S.C. §

1104(a)(1)(A)(ii). It was simply engaging in an arms-length negotiation for a contract to provide

services."); *Lockheed*, 517 U.S. at 890 (holding that employer acted as settlor when it amended

plan to provide financial incentives for employees to retire early); *Hartline*, 134 F. Supp. 2d at

16 (holding change in employer contribute rate was settlor function, not fiduciary one).

Accordingly, Colonial did not act as a fiduciary with respect to the specific actions

alleged, and Plaintiffs' claim for breach of fiduciary duty against Colonial must be dismissed.

      2.      Plaintiffs Fail to Sufficiently Allege that Colonial Was Responsible for
              Administering Claims, Filing Reports, and Providing Employee
              Disclosures.

Actions for which Plaintiffs attempt to hold Colonial responsible under Section 1104

were specifically delegated to, and performed by, FCE as third-party administrator. In the Trust

Document, Colonial allocated to FCE the duty to prepare and file all reports to governmental

authorities and disclosures to employees.[5] Ex. A at p. 12. Thus, Plaintiffs' argument that

Colonial neglected to submit required reports to the Government and disclose information to

plan participants fails because Colonial, as the settlor, explicitly assigned these fiduciary duties

to FCE. For these issues, Colonial cannot be held directly liable for breaches of fiduciary duty.

*See* 29 U.S.C. § 1105(c)(2) (named fiduciary who allocates authority to another person is not

---

[5] As noted above, the relationships between Colonial and FCE, and Colonial and the Trustee, are central to the Complaint. These relationships were created by the Trust Document and Adoption Agreement. The Court may consider the Trust Document, attached as Exhibit A, and the Adoption Agreement, attached as Exhibit B, because the contents of these documents are clearly integral to the Complaint. *See Tellabs*, 551 U.S. at 322; *Philips*, 572 F.3d at 180.

liable for an act or omission of such person unless the named fiduciary itself violated Section

1104 in allocating responsibility or continuing the allocation, or co-fiduciary liability applies[6]).

      3.     Even if Colonial Had Been a Fiduciary with Respect to the Challenged
Actions, Plaintiffs Fail to Sufficiently Allege that Colonial Breached its
Fiduciary Duties.

Even if the Court were to find that Colonial did have a fiduciary duty with respect to one

or more of Plaintiffs' challenged actions, Plaintiffs do not state a plausible claim that Colonial

breached that duty.  In wholly speculative fashion, Plaintiffs allege that Colonial failed to

investigate FCE before entrusting it with administration of the Plan, and wrongly appointed

Marilyn Ward knowing that she was not qualified and that she was affiliated with FCE.  Compl.

¶ 55(b).  Plaintiffs do not allege a single fact to support this claim, nor do they identify any

further steps Colonial should have taken before appointing a third-party administrator and

Trustee.

Likewise, Plaintiffs' argument that Colonial breached its fiduciary duty by changing the

basis of fees paid to FCE and the Trustee, causing "those fees to be grossly excessive" must fail.

Compl. ¶ 55.  Plaintiffs have not alleged any facts demonstrating that the fees charged by FCE

were excessive.  Rather, in Paragraph 24 of the Complaint, Plaintiffs concede that the $4.50 per

month charge by FCE was "reasonable" for the "work FCE did in administering the DUB

Account."  Although Plaintiffs thereafter offer the conclusion that "no prudent and honest

fiduciary would allow fees at the grossly excessive level of the FCE and Trustee fees – 12% for

FCE and 2% for the Plan Trustee" (Compl. ¶ 25), they do not provide any standard fee or

benchmark against which the court should measure these allegedly "excessive" fees.  Where

"[p]laintiffs fail to allege that the fees were excessive relative 'to the services rendered' . . . [and]

[6] Colonial addresses the issue of allocating responsibility to FCE and the Trustee in the next
subsection.  Co-fiduciary liability is addressed in Section I(C), below.

allege no facts concerning other factors relevant to determining whether a fee is excessive under the circumstances" they "fail[] to state a claim upon which relief can be granted." *Young v. Gen. Motors Inv. Mgmt. Corp.*, 325 F. App'x 31, 33 (2d Cir. 2009) (quoting *Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 694 F.2d 923, 928 (2d Cir. 1982)).  Plaintiffs baldly assert that Colonial changed the fees "in order to shift costs it was obligated to pay onto the Participants," without offering any facts to support this conclusion about Colonial's motivations.  *See* Compl. ¶ 55(c)

Similarly, Plaintiffs cannot sufficiently allege that Colonial neglected to disclose required information to plan participants and submit mandatory reports to Government agencies.  First, the Trust Document directly assigns these duties to FCE as the third-party administrator.  *See* Ex. A.  Moreover, the Complaint does not allege what documents or reports they believe were not properly filed.  Again, Plaintiffs assume that these documents were not submitted without actually explaining the basis for this belief.  In fact, these documents are publicly available.  This Court may take judicial notice of the Department of Labor website[7] which clearly shows that the Plan's annual reports have been filed and on what dates.[8]  *See* Exhibit C; Form 5500/5500-SF Filing Search, https://www.efast.dol.gov/portal/app/disseminate?execution=e2s1 (last visited June 13, 2016).  The plaintiffs' bare allegations are thus not sufficient to state a claim under Rule 12(b)(6).  *See Iqbal*, 556 U.S. at 681 (refusing to accept plaintiff's "bare assertions" are true).

Next, Plaintiffs claim that Colonial directed, or allowed FCE to direct, plan participants to adopt coverage that they did not need "in order to increase FCE's fees."  Compl. ¶ 55(e).  Such assumptions about the motivation behind Colonial's alleged actions, and what benefit

---

[7]  *Pharm. Research & Manufacturers of Am. v. United States Dep't of Health & Human Servs.*, 43 F. Supp. 3d 28, 33 (D.D.C. 2014) ("Courts in this jurisdiction have frequently taken judicial notice of information posted on official public websites of government agencies.").

[8] The DOL website identifies the filings for the last 6 years (the maximum statute of limitations period), although this does not mean annual reports from earlier years were not filed.

Colonial would receive if FCE's fees were increased, are completely unsubstantiated.  The

Complaint is devoid of any facts indicating that Colonial "steered" plan participants toward any

specific type of insurance coverage.  The only allegation that appears even tangentially related to

this conclusion is the claim that the cost of new medical "coverages that were shown to

employees never included the 14% surcharge assessed on each medical premium payment

because of the change in the FCE fee structure."  Compl. ¶ 27.  Plaintiffs do not explain how

Colonial's alleged decision not to include the Plan's fee structure in disclosures related to

medical coverage in any way "steered" plan participants toward insurance that they did not need.

Plaintiffs simply ask the Court to make a significant leap to the conclusion they embrace.  The

Court is "not bound to accept as true a legal conclusion couched as a factual allegation."

*Twombly*, 550 U.S. at 555.

    Plaintiffs further contend that Colonial breached its fiduciary duty by failing to monitor

FCE's services, the Plan's investment performance or investment policy, and operation of the

Trust to ensure that it existed or that its assets were not comingled with those of another trust

fund.  Compl. ¶ 55.  Like Plaintiffs' other claims, these assertions make conclusions about

Colonial's actions without any actual facts to show that such conclusions are plausible.  For

example, the Complaint states that Colonial failed to monitor FCE's services "including, but not

limited to, the failure to investigate the unexplained reductions in Dub Account opening and

closing balances."  *Id*.  Plaintiffs merely assume that that Colonial "failed to investigate" them

without actually alleging any facts about Colonial's actions or describing what steps Colonial

should have taken in order to comply with ERISA's fiduciary requirements.  See *In re BP P.L.C.

Sec. Litig.*, No. 4:10-CV-4214, 2015 WL 6674576, at *11 (S.D. Tex. Oct. 30, 2015) (holding that

plaintiffs misconstrued law where they argued that defendants ignored "red flags" regarding

11

imprudent investment because "question is not whether Defendants had notice that" stock was an imprudent investment, but whether Defendants had "notice of possible *breaches*" by appointee "that they failed to investigate.").

Finally, Plaintiffs accuse Colonial of failing to oversee the Plan's investment performance without providing any information on specific steps Colonial allegedly neglected to take.  Plaintiffs claim that "no disclosure has been made to Plaintiffs regarding investment guidelines or procedures pertaining to their accounts or the financial instruments held and invested by the Plan on their behalf."  Compl. ¶ 32.  Even accepted as true, however, this fact does not indicate that Colonial failed to monitor the Plan's performance, but merely relates to what information was provided to Plaintiffs regarding investment strategies.  Unsupported conclusions in the Complaint are insufficient to support a claim for relief.  *See Iqbal*, 556 U.S. at 681.

As these bare allegations illustrate, none of the Plaintiffs' many theories against Colonial are supported by factual allegations sufficient to survive a motion to dismiss.

## B.     The Plaintiffs Fail to Allege Sufficient Facts to Support Their Claim that Colonial Caused the Plan to Engage in Transactions Prohibited by 29 U.S.C. §1106.

Section 1106, titled "Prohibited transactions," forbids a fiduciary from engaging in a transaction if it knows that the transaction directly or indirectly constitutes "furnishing of goods, services, or facilities between the plan and a party in interest," or "transfer to, or use by or for the benefit of a party in interest, of any assets of the plan."  29 U.S.C. § 1106(a).  Furthermore, in a transaction between the plan and a fiduciary, ERISA prohibits the fiduciary from dealing with the assets of the plan for its own interest or account.  *Id.*

The Complaint alleges that Colonial:

> Caused the DUB Plan to engage in transactions which it knew or should have known constituted direct or indirect furnishing of goods, services, or facilities between the plan and a party in interest . . . [and] constituted direct or indirect transfers of assets of the Plan to, or use of assets to the Plan by, or for the benefit of, parties in interest . . . and [d]ealt with the assets of the DUB Plan in its own interest or for its own account.

Compl. ¶ 56.  Absent from the Complaint is any identification of a transaction in which Colonial allegedly engaged.  *See Wright v. Oregon Metallurgical Corp.,* 360 F.3d 1090, 1101 (9th Cir. 2004) ("Plaintiffs fail to identify any transaction that falls within § 1106(a)(1) or (b).  They have pointed to nothing akin to a 'sale, exchange, or leasing of property, . . . [or] the lending of money or extension of credit.'" (quoting *Lockheed*, 517 U.S. at 893)).  Here, Plaintiffs' "[t]hreadbare recitals of the elements of a cause of action" under Section 1106 "supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. 678.

### C.  The Plaintiffs Fail to Allege Sufficient Facts to Support Their Claim that Colonial is Liable as a Co-Fiduciary Under 29 U.S.C. § 1105.

Under ERISA, a fiduciary may be responsible for the breach of a co-fiduciary if the fiduciary (1) knowingly participates in, or knowingly conceals, the act or omission of the co-fiduciary knowing such act or omission is a breach; (2) fails to discharge its duties in accordance with ERISA's standard of care and thereby enables the co-fiduciary to commit a breach; or (3) has knowledge of a breach by the co-fiduciary, unless the fiduciary makes reasonable efforts to remedy the breach.  29 U.S.C. § 1105(a).  Plaintiffs claim that Colonial "[p]articipated as a co-fiduciary in the breaches of fiduciary duty committed by FCE thereby incurring co-fiduciary liability."  Compl. ¶ 56(g).  Even assuming Colonial aced as a fiduciary (as opposed to merely a settlor), this argument fails as well.

### 1.  The Plaintiffs Have Failed to State a Claim for Breach of Fiduciary Duty Against FCE.

13

As with Plaintiffs' claims against Colonial, Plaintiffs' allegations against FCE are too conclusory to state a claim for breach of fiduciary duty.  They allege that FCE breached its fiduciary duty because it "acted with callous disregard for the interests of Plaintiffs and exploited the trust Plaintiffs placed in FCE . . . [and] siphoned exorbitant fees directly from Plaintiffs' DUB accounts, and used the Trust assets to benefit itself."  Compl. ¶ 60.  Noticeably absent are the facts to support these broad accusations.  Without any details, they speculate that FCE paid distributions to Plaintiffs from another trust fund and that the Plan trust "either does not exist or has been stripped of the assets necessary to support distributions."  Compl. ¶ 7.  This is an implausible conclusion, not a specific factual allegation that the Court must accept as true.  *See Iqbal*, 556 U.S. at 681.  Plaintiffs also claim that "[t]he changes to the FCE fee clearly benefited FCE at the expense of the employees."  Compl. ¶ 29.  Even taken as true, this allegation does not imply that FCE "acted with callous disregard for the interests of Plaintiffs" or "exploited" the Plan trust.

In conclusory fashion once again, Plaintiffs argue that FCE "knowingly violated ERISA with respect to the administration of Plaintiffs' DUB Accounts and breached its fiduciary duty to Plaintiffs to provide appropriate disclosure of its conduct with the full intent of hiding its actions."  Compl. ¶ 60.  As noted in Section I(A)(3), Plaintiffs have not provided any support for their conclusion that FCE made "no annual reports and no summary plan descriptions."  *See* Compl. ¶ 38.  Furthermore, as explained above, the Court may take judicial notice[9] of the Department of Labor's website showing that the Plan's annual reports have been filed and the dates for these filings.  *See* Exhibit C; Form 5500/5500-SF Filing Search, https://www.efast.dol.gov/portal/app/disseminate?execution=e2s1 (last visited June 13, 2016).

---

[9]  *See Pharm. Research*, 43 F. Supp. 3d at 33.

For that reason alone, it is not plausible to claim that FCE attempted "to cloak the DUB Plan and its operations from any scrutiny." *See* Compl. ¶ 38.  Plaintiffs' repeated attempts to convince this Court to accept conclusory statements unsupported by any actual details of the defendants' actions shows that they do not have a plausible claim under Rule 12(b)(6).

        2.        **Even if the Plaintiffs Had Stated a Claim for Breach of Fiduciary Duty Against FCE, They Have Not Sufficiently Stated a Claim Against Colonial as a Co-Fiduciary.**

Even if the Court holds that the Complaint states a claim for breach of fiduciary duty against FCE, Plaintiffs have not adequately pleaded that Colonial is liable for that breach as a co-fiduciary.  To sufficiently plead that Colonial is a co-fiduciary, Plaintiffs must allege sufficient facts that, if taken as true, would prove Colonial committed one of the three actions creating co-fiduciary liability.  Regarding the first basis for co-fiduciary liability, Plaintiffs have not alleged that Colonial knowingly participated in or concealed a breach by FCE "knowing such act or omission [was] a breach." *See* 29 U.S.C. § 1105(a)(1).  Assuming Colonial is a co-fiduciary (and it is not), nowhere in the Complaint do Plaintiffs contend that Colonial knew FCE's alleged actions or omissions constituted a breach under ERISA.  Accordingly, they cannot rely on this ground for co-fiduciary liability.  *See Renfro v. Unisys Corp.*, 671 F.3d 314, 324-25 (3d Cir. 2011) ("Plaintiffs' claims fail because they do not contend Fidelity had knowledge about Unisys's allegedly flawed decision-making process regarding investment options to be included in the plan. . . . Similarly, plaintiffs do not allege Fidelity knew Unisys's selection of investment options constituted a breach of fiduciary duty. Accordingly, plaintiffs fail to state a claim against Fidelity under § 1105(a).").

Turning to the second basis, Plaintiffs have not sufficiently pleaded that Colonial failed to discharge its own duties in accordance with ERISA's standard of care, thereby enabling FCE to

commit a breach.  As explained in detail in Section I(A), Plaintiffs cannot state a claim that

Colonial breached any fiduciary duty, and Plaintiffs certainly do not explain how Colonial's

alleged breaches *enabled* any of FCE's alleged breaches.  Finally, while Plaintiffs allege that

they received distributions from the wrong trust fund, accepting this as true, they do not claim

that Colonial knew that FCE made such distributions.

Accordingly, Plaintiffs have failed to state a claim for co-fiduciary liability against

Colonial and their claim must be dismissed.

> **D.**     **Plaintiffs Fail to Allege Sufficient Facts to Support Their Claim that Colonial
>             Failed to Comply with ERISA's Reporting and Disclosure Requirements.**

ERISA contains a number of provisions requiring the administrator of an employee

benefit plan to prepare and file reports with government agencies and disclose certain plan

documents to plan participants and beneficiaries.  *See* 29 U.S.C. §§ 1021-1024.

Plaintiffs' claim against Colonial fails for two reasons.  First, the Trust Document

explicitly assigns to FCE the duty to "prepare, sign, and file any and all" reports to governmental

authorities, and disclosures to employees, required by applicable law.  Ex. 1.  Colonial thus

cannot be held directly liable for any failure by FCE to comply with ERISA's reporting and

disclosure requirements.  And, as explained in the preceding section, Colonial is not liable as a

co-fiduciary.

Second, Plaintiffs do not sufficiently allege that Colonial or FCE failed to file specific

reports or provide specific required documents.  According to DOL, "The Department of Labor,

Internal Revenue Service, and the Pension Benefit Guaranty Corporation jointly developed the

Form 5500 Series so employee benefit plans could utilize the Form 5500 Series forms to satisfy

annual reporting requirements under Title I and Title IV of ERISA and under the Internal

Revenue Code."  Form 5500 Series, https://www.dol.gov/ebsa/5500main.html (last visited June

13, 2016).  If Plaintiffs had engaged in a good faith pre-filing inquiry, they would have learned

that a record of filing for the Form 5500s is publicly available on the DOL's website:

https://www.dol.gov/ebsa/publications/how_to_obtain_docs.html or at:

https://www.efast.dol.gov/portal/app/disseminate?execution=e2s1.[10]  Past Form 5500s are also

publicly available through the DOL's Public Disclosure Room.  How to Obtain Employee

Benefit Plan Documents from the Department of Labor, https://www.dol.gov/ebsa/publications/

how_to_obtain_docs.html (last visited June 13, 2016).  Plaintiffs do not point to any particular

section of ERISA that Colonial allegedly violated, and they do not contend that they requested

plan documents and did not subsequently receive them.  Thus the empty assertion that Colonial

has failed to comply with ERISA's reporting and disclosure requirements "in violation of

Sections 101 – 104 of ERISA" is not sufficient to state a claim under Rule 12(b)(6).  *See Iqbal*,

556 U.S. at 681.

> **E.** **Plaintiffs Fail to Allege Sufficient Facts to Support Their Claim that Colonial Failed to Provide a Claims Procedure that Comports with 29 U.S.C. § 1133.**

ERISA requires every employee benefit plan to provide a detailed, written notice to any

plan participant or beneficiary whose claim for benefits has been denied and "afford a reasonable

opportunity" to that person "for a full and fair review by the appropriate named fiduciary of the

decision denying the claim."  29 U.S.C. § 1133.

The Complaint contends that Colonial failed to assure that the Plan had a claims process

that complies with Section 1133 or assure that claims were "adjudicated in a timely manner."

Compl. ¶ 58.  The duty to "administer claims for benefits under the Plan" was explicitly assigned

---

[10] On its web page, DOL also states very clearly "If you are unable to find a filing that you
believe has been submitted, please contact the EFAST2 Help Line at 866-463-3278."  Plaintiffs
had no basis to allege that the Plan's annual reports have not been filed annually.

to FCE, and thus Colonial is not directly liable for any failure to administer claims.  Colonial is also not liable as a co-fiduciary.  Ex. B at p. 1-2; Ex. A at p. 12.

Furthermore, Plaintiffs' allegation in support of this claim is wholly unrelated to what ERISA actually requires.  The Complaint simply states that "Colonial and FCE provide no claims process" (Compl. ¶ 38), but Plaintiffs do not contend that that any one of them was ever denied benefits without a detailed written notice.  Plaintiffs also do not claim that they ever tried to adjudicate the denial of a claim for benefits.  Finally, they cannot point to a single event when a plan participant or beneficiary was not afforded "a reasonable opportunity" for review of a denied claim, nor any time a claim denial was not "adjudicated in a timely manner."  The Plaintiffs have pleaded no facts to support this claim and thus it must be dismissed.  *See Iqbal*, 556 U.S. at 679 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.").

## II.    COUNT ONE MUST BE DISMISSED BECAUSE THE STATUTE OF LIMITATIONS HAS EXPIRED.

Under ERISA's statute of limitations, no action may be commenced more than either "six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation," or "three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation."  29 U.S.C. § 1113.  "[I]n the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation."  *Id.*

Here, Plaintiffs attempt to hold Colonial liable for actions that allegedly occurred more than six years ago and certainly more than three years ago.  First, the plaintiffs claim that Colonial failed to investigate FCE *before* hiring the company as a third-party administrator and

that Colonial wrongfully appointed the Trustee.  Compl. ¶ 55.  FCE and the Trustee are named in

the Trust Document and Adoption Agreement and thus must have been appointed before or at

the time those documents were adopted.  Both documents were adopted in 2002.  *See* Ex. 1; Ex.

2.  Plaintiffs' own allegations make clear that Plaintiff knew that Colonial hired FCE more than

six years ago, as their Complaint refers to FCE's fees "[p]rior to October 1, 2006."  Compl. ¶ 24.

Plaintiffs also attempt to hold Colonial liable for changing the basis of the fees paid to FCE and

the Trustee.  Compl. ¶ 55.  Again, Plaintiffs knew this action was allegedly taken more than six

years before the Plaintiffs filed this action.  The Complaint itself states that "changes to the FCE

fee start[ed] in October, 2006."  Compl. ¶ 25.  In paragraph 26 of the Complaint, Plaintiffs

concede that they have known about the increased fees since 2006 (*a full ten years ago*):

> The DUB Account fees charged to Plaintiff Akalu went from $4.50 per month for
> the first nine months of 2006 to $108.91 in October, 2006 and has stayed at that
> level.  The fees of Plaintiff Melke went from $4.50 per month before 10/1/06 to
> $92.32 per month afterwards.  The fees of Plaintiff Habtewoled went from $4.50
> per month before 10/1/06 to $64.69 afterwards.

Compl. ¶ 26; see also Compl. ¶ 27 (conceding knowledge that in 2007 Plaintiffs' health

insurance expenses increased).

As the D.C. Circuit has held:

> The statute provides that constructive knowledge is obtained through reports filed
> with the Secretary of Labor from which the plaintiff obtained or 'could reasonably
> be expected to have obtained knowledge of such breach or violation.' These
> forms are annual reports required under 29 U.S.C. §§ 1023 & 1024, and are
> referred to, in common parlance, as 'Forms 5500.' Under ERISA, a Form 5500
> must include, inter alia, a statement of assets and liabilities, a statement of
> changes in net assets available for plan benefits, a statement of income and
> expenses, and the terms and amount of any indebtedness.

*Fink v. Nat'l Sav. & Trust Co.*, 772 F.2d 951, 956 (D.C. Cir. 1985); *see also Arakelian v. Nat'l W.*

*Life Ins. Co.*, 680 F. Supp. 400, 403 (D.D.C. 1987) ("Constructive knowledge is obtained

through reports, commonly called 'Forms 5500,' which periodically are filed with the

Secretary.").  In other words, the Plaintiffs were on constructive notice, through publicly-filed reports, of the exact annual fees charged by FCE.  Plaintiffs attempt to assert unfounded, conclusory claims now is time-barred, even if such claims had been valid (which they are not).

Thus, the above-referenced portions of Count One must be dismissed because they are barred by ERISA's statute of limitations.

## Conclusion

For the foregoing reasons, Defendant Colonial respectfully requests that this Court grant its Motion to Dismiss for Failure to State a Claim, dismiss Count One of the Complaint with prejudice, and grant such further relief as this Court deems proper.

Dated:  June 13, 2016

COLONIAL PARKING, INC.
By counsel


/s/ Attison L. Barnes, III
Attison L. Barnes, III (DC Bar No. 427754)
Wiley Rein, LLP
1776 K Street, NW
Washington, DC  20006
Tel:   (202) 719-7000
Fax:  (202) 719-7049
abarnes@wileyrein.com