# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Berthe Benyam Abraha, *et al.*,<br>　　　*Plaintiffs*,<br>　　v.<br>Colonial Parking, Inc., *et al.*,<br>　　　*Defendants.* | Civil Action No. 16-680 (CKK) |

## MEMORANDUM OPINION
(April 23, 2018)

Defendant FCE Benefit Administrators, Inc. ("FCE") has sought the Court's intervention in a discovery dispute regarding Plaintiffs' issuance of a subpoena on April 16, 2018. The Court must determine whether the third-party firm that employs an expert hired by Defendant FCE should be compelled to produce that expert's reports prepared for Defendant FCE in another litigation. This issue has been raised, briefed, and now decided within a week in light of the deadline for discovery on April 20, 2018. *See* Am. Scheduling & Procedures Order, ECF No. 51, at 6. Upon consideration of the briefing,[1] the relevant legal authorities, and the record as a whole, the Court **DENIES** Defendant FCE's Motion to Quash and its Motion for Protective Order contained within its [57] response.

---

[1] The Court's consideration has focused on the following documents:

- Notice of Pls. Re Disclosure of Expert Reports, ECF No. 55 ("Pls.' Notice");
- Def. FCE Benefit Administrators, Inc.'s Resp. to Notice of Pls. Re Disclosure of Expert Reports and Mot. to Quash and/or for Protective Order, ECF No. 57 ("Def.'s Opp'n"); and
- Pls.' Reply Re Disclosure of Expert Reports, ECF No. 58 ("Pls.' Reply").

As part of reviewing this briefing, the Court has considered third-party firm BDO USA, LLP's letter to Plaintiffs' counsel containing objections to the subpoena at issue. ECF No. 57, Ex. E.

1

# I. LEGAL STANDARD

Although the Federal Rules of Civil Procedure allow parties wide latitude in seeking discovery of "any nonprivileged matter that is relevant to any party's claim or defense," Fed. R. Civ. P. 26(b)(1), there are nonetheless limits on what a party may obtain through discovery.

A court must quash or modify a subpoena that "fails to allow a reasonable time to comply," or where compliance with the subpoena would require "compl[iance] beyond the geographical limits" or "disclosure of privileged or other protected matter, if no exception or waiver applies," or would "subject[ ] a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). A court also has the discretion to grant a motion to quash or modify the subpoena where the subpoena would require "disclosing a trade secret or other confidential research, development, or commercial information" or "disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." *Id.* 45(d)(3)(B).

In addition, "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." *Id.* 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," which can include, *inter alia*, "forbidding the disclosure or discovery," "prescribing a discovery method other than the one selected by the party seeking discovery," or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *Id.* "If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery." *Id.* 26(c)(2).

In showing that good cause exists to issue a protective order and thereby limit discovery, the moving party "has a heavy burden of showing extraordinary circumstances based on specific

facts that would justify an order." *Eidos Display, LLC v. Chunghwa Picture Tubes, Ltd.*, 296 F.R.D. 3, 6 (D.D.C. 2013) (quoting *United States v. Kellogg Brown & Root Servs., Inc.*, 285 F.R.D. 133, 134 (D.D.C. 2012)) (internal quotation marks omitted). In evaluating the moving party's request, the Court must "weigh the burden to the moving party against the requestor's need for, and relevance of, the information sought." *Id.*

## II. DISCUSSION

Plaintiffs' subpoena seeks the narrative portion of expert reports produced by Aaron Raddock for Defendant FCE in *R. Alexander Acosta v. Chimes District of Columbia, Inc.*, No. 1:15-cv-03315-RDB (D. Md.) (the "*Chimes*" litigation).[2] Mr. Raddock works for BDO USA, LLP ("BDO"), the recipient of Plaintiffs' subpoena. Defendant FCE moves to quash that subpoena and alternatively seeks a protective order "prohibiting Plaintiffs' counsel from obtaining expert reports in the *Chimes* Litigation." Opp'n Mem. at 6.

The Court finds that none of the four circumstances in which the Court *must* quash (or modify) a subpoena applies here. At the threshold, Defendant FCE does not argue that BDO is outside the geographical limits imposed by the rule,[3] or that the information is privileged,[4] and accordingly the Court finds that Defendant FCE concedes those points.

---

[2] There has been some ambiguity in the communications and briefing as to whether it is one report or multiple reports that are at issue. Defendant FCE seems to clear up the confusion by discussing two reports in its Opposition. Opp'n Mem. at 4. In any event, Plaintiffs have made clear that "if there are multiple reports, then the request is for the narrative portion of all reports." ECF No. 57, Ex. D at 1.

[3] Defendant FCE concedes that compliance would be required in this Court, rather than elsewhere. *See* Opp'n Mem. at 7 n.2.

[4] In a letter attached to Defendant FCE's Opposition, BDO argues on behalf of its client, FCE, that attorney-client privilege and work product protection may attach to the expert reports. ECF No. 57, Ex. E at 2. But Defendant FCE does not make this argument in its own briefing. In the absence of any briefing to the contrary, the Court understands this privilege and protection to be FCE's to

Defendant FCE does argue, briefly, that the information is protected. When Defendant FCE originally communicated about this subpoena with the Court, copying Plaintiffs, Defendant FCE led the Court to believe that the main issue with disclosure was the presence of a protective order in *Chimes*. But Defendant FCE discusses that point only briefly now in its Opposition. *See* Opp'n Mem. at 2, 4, 9 (citing financial information covered by *Chimes* protective order). Even if Defendant FCE had now emphasized the presence of the *Chimes* protective order, Paragraph 11 of that order expressly provides a means for handling requests in another litigation for confidential information covered by that order. If a party to this case seeks information covered by the *Chimes* protective order, the *Chimes* order indicates that this Court is the one to decide whether protection will issue. *See* Stipulated Confidentiality Agreement and [Proposed] Protective Order, ECF No. 57, Ex. C ¶ 11 (as executed by the *Chimes* court) ("The Designating Party . . . bears the burden and the expense of seeking protection in that court of its Confidential Information . . . , and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court."). The [37] Protective Order in this case would ensure that any Confidential Information, as defined in this case, would be protected, and the parties to this case must abide, to the extent still relevant, by the protective order in *Chimes* as well.

Defendant FCE more pointedly contests whether the subpoena issued with reasonable notice. But Defendant FCE admits that Plaintiffs already had requested this expert report—without yet resorting to the compulsion of a subpoena—18 days beforehand at a deposition of Mr. Raddock. Opp'n Mem. at 5. The Court finds Defendant FCE's objection now to the timeliness of

---

waive. Moreover, any privileged or otherwise protected material in the expert reports would be produced subject to the protective orders in this case and, to the extent relevant, *Chimes* too.

the subpoena to be unavailing. Plaintiffs have attempted to comply with the discovery deadline of April 20, 2018, insisted upon by this Court, and shall not be faulted for doing so. It should not take long for BDO, or Defendant FCE, to arrange the delivery of the narrative portions of the expert reports from BDO's offices in McLean, Virginia, to Plaintiffs' offices in Washington, DC.

Defendant FCE's case law regarding unreasonably short notice periods is unpersuasive. Several of the district court cases in which notice was only a few days entailed not only subpoenas for documents but also deposition notices, which add to the preparatory workload. *See* Opp'n Mem. at 7-8 (citing *Ponson v. BellSouth Telecomms., Inc.*, Civ. Action No. 09-0149, 2010 WL 1552802, at *3 (E.D. La. Apr. 16, 2010); *United States v. Philip Morris Inc.*, 312 F. Supp. 2d 27, 36-38 (D.D.C. 2004)). Nor is the Court persuaded by the decision of a magistrate judge in another jurisdiction to quash a subpoena that provided only three days for compliance, particularly where that unreported decision supplies no description of the scope of the production sought. *See id.* (citing *City of Pomona v. Cont'l Ins. Co.*, No. CV 07-7703-ODW (PLAx), 2008 WL 11343060, at *1 (C.D. Cal. Dec. 17, 2008)). Here, the expert reports are already done, and Defendant FCE makes no representation that it would take much time to produce the narrative portions of those reports.

As for alleged burden, Plaintiffs limited their subpoena to the narrative portions of the expert reports in direct response to Defendant FCE's representation that the exhibits were voluminous. *See* ECF No. 57, Ex. D at 2. Defendant FCE does not make any argument that it would be a burden to produce this narrowed set of presumably several documents.[5]

---

[5] Again, BDO in its letter argued that it would be a burden to produce the reports, but it does not explain how production of only the narrative portions, not the exhibits, would be any burden. *See* ECF No. 57, Ex. E. at 1-2. The Court does not accept the argument that the subpoena came during a busy week for BDO, in light of the 18 days prior in which Defendant FCE could have made arrangements for the production and in light of the time that the Defendant FCE and BDO then

5

Nor does the Court find that this is an appropriate case to quash (or modify) the subpoena in an exercise of its discretion under Rule 45(d)(3)(B). Defendant FCE does not specifically argue that one of those two permissive grounds applies here, but perhaps its requests could be interpreted to arise within those boxes.

Defendant FCE claims that it would not be proper to produce reports generated for another litigation, and in any event that those reports are not relevant to this case. Opp'n Mem. at 8-9. But Defendant FCE admits that it has been unable to find any precedent in this jurisdiction to support its argument that production from another litigation should be prohibited. *See id.* at 8 (observing no case law for or against such production). Evidently district courts in at least two other jurisdictions have denied similar requests, but the movants either did not tailor their requests appropriately or appear not to have adequately justified them. *See id.* at 6-9 (citing *Von Schwab v. AAA Fire & Cas. Ins. Co.*, No. 1:14-cv-00183-CMA-NYW, 2015 WL 1840123, at *2-3 (D. Colo. Apr. 21, 2015) (rejecting "speculation" as basis for "overbroad discovery" of expert reports in prior unrelated cases); *Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, No. 01 Civ.11295(CBM), 2003 WL 22227959, at *1-3 (S.D.N.Y. Sept. 26, 2003) (observing that plaintiffs sought "*all* expert reports prepared by defendants' expert in cases in which the expert has testified" over period of years (emphasis added)); *Surles v. Air France*, No. 00CIV5004RMBFM, 2001 WL 815522, at *6-7 (S.D.N.Y. July 19, 2001) (same); *Trunk v. Midwest Rubber and Supply Co.*, 175 F.R.D. 664, 664-65 (D. Colo. 1997) (citing the risk of delving into irrelevant facts and issues of "unrelated" litigation)).

---

spent briefing their objections. Nevertheless, the Court shall grant additional time in order to accommodate BDO, but shall expect Defendant FCE to assist BDO as needed in meeting the deadline.

But here Plaintiffs wisely tailor and justify their request. They ask for Mr. Raddock's reports in only one other litigation. And they have not sought production of the prior reports of any of Defendants' other experts in this litigation. Reply Mem. at 2. Moreover, Plaintiffs' argument that Mr. Raddock's reports in *Chimes* have at least some relevance to this case is plausible in light of the Court's brief review of the *Chimes* complaint. *See id.* at 2-4; ECF No. 57, Ex. B. The Court examined that complaint more extensively when it previously denied Defendant FCE's motion to strike references to the *Chimes* litigation in Plaintiffs' [1] Complaint in this case, finding that such references are "appropriate under the circumstances." Mem. Op., ECF No. 28, at 19. Defendant FCE admits that each case involves allegations that FCE charged excessive fees for its services. Opp'n Mem. at 4-5. The alleged differences between the plans at issue in the two cases would go to the weight of evidence derived from the expert reports, not the relevance of those reports.

The Court notes in closing that the "sensitive financial information relating to FCE and other FCE clients," Opp'n Mem. at 9, that Defendant FCE fears disclosing would appear highly relevant to an excessive fees case. If it were not, then its disclosure would work no prejudice. *See* Reply Mem. at 3-4 (making this argument with respect to the reports' disclosure in general). Defendant FCE does not suggest that the reports contain anything like bank routing numbers that would be both sensitive and truly irrelevant. Moreover, the [37] Protective Order and, to the extent still relevant, *Chimes* protective order govern the disclosure that the Court shall compel.

In an exercise of its discretion, the Court also finds that issuance of a protective order prohibiting production of Mr. Raddock's prior reports is not warranted on the same grounds that the Court denies the motion to quash the subpoena. Defendant FCE has not carried its burden to

7

show good cause for issuance of a protective order in light of Plaintiffs' rationale for obtaining Mr. Raddock's prior reports.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant FCE's Motion to Quash and its Motion for Protective Order contained within its [57] response.

In light of the need for compliance by a third party that raised its own objections as to burden and timing, the deadline for BDO's production pursuant to Plaintiffs' subpoena of April 16, 2018, shall be extended *nunc pro tunc* until **APRIL 26, 2018**. This additional time shall not be construed as an extension of the discovery deadline, as Plaintiffs have satisfied the Court that they complied with the Court's order to complete discovery by April 20, 2018. Defendant FCE shall assist BDO as necessary to ensure that it meets the Court's deadline.

Plaintiffs are expected to abide by the terms of the [37] Protective Order in this litigation, as well as, to the extent relevant, the protective order in *Chimes*.

An appropriate Order accompanies this Memorandum Opinion.

Date: April 23, 2018

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge