| | |
|---|---|
| Berthe Benyam Abraha, *et al.*, <br> *Plaintiffs*, <br> v. <br> Colonial Parking, Inc., *et al.*, <br> *Defendants*. | Civil Action No. 16-680 (CKK) |

**MEMORANDUM OPINION**
(April 5, 2019)

Plaintiffs Berthe Benyam Abraha, Esayas Akalu, Samuel Habtewoled, and Gedlu Melke have moved for leave to amend their [1] Complaint. Defendants Colonial Parking, Inc. ("Colonial") and FCE Benefits Administrators, Inc. ("FCE") oppose, citing delay, prejudice, and futility. Upon consideration of the briefing,[1] the relevant legal authorities, and the record as a whole, the Court shall **GRANT** Plaintiffs' [65] Motion to Amend to Their Complaint. Defendants shall have an opportunity to pursue further discovery based on Plaintiffs' Amended Complaint.

## I. BACKGROUND

Plaintiffs bring this putative class action against their former employer, Colonial, and its benefits plan administrator, FCE, for Defendants' alleged violations of the Employee Retirement Income Security Act of 1974 ("ERISA"). In separate counts against Colonial and FCE, Plaintiffs' two-count Complaint alleges that the Defendants breached various fiduciary, co-fiduciary, and

---

[1] The Court's consideration has focused on the following documents:
- Pls.' Mem. in Supp. of Their Mot. to Amend Their Compl., ECF No. 66 ("Pls.' Mem.");
- Def. FCE's Opp'n to Pl.'s [sic] Mot. to Amend Their Compl., ECF No. 70 ("FCE's Opp'n");
- Colonial's Opp'n to Pls.' Mot. to Amend Their Compl., ECF No. 71 ("Colonial's Opp'n"); and
- Pls.' Reply in Supp. of Their Mot. to Amend Compl., ECF No. 72 ("Pls.' Reply").

other obligations under ERISA. When both Defendants moved to dismiss these allegations in the Complaint under Federal Rule of Civil Procedure 12(b)(6), the Court found that Plaintiffs had stated a claim in nearly all respects. *See* Mem. Op., *Abraha v. Colonial Parking, Inc.*, 243 F. Supp. 3d 179 (D.D.C. 2017) ("*Abraha I*"), ECF No. 28 (finding that Plaintiffs failed only as to Section 1133 claim for insufficient claims procedure, which Court treated as conceded).

After a hotly contested period of discovery, the Court denied without prejudice Plaintiffs' motion for class certification, finding that inadequacies in the parties' briefing inhibited the Court's assessment of the merits. *See* Mem. Op., *Abraha v. Colonial Parking, Inc.*, 311 F. Supp. 3d 37 (D.D.C. 2018) ("*Abraha II*"), ECF No. 62. Those deficiencies warranted an opportunity for Plaintiffs to amend their Complaint and seek the Court's leave to file it, if Defendants would not consent. *Abraha II*, 311 F. Supp. 3d at 41-42. Acknowledging that it was "not the Court's standard practice to do so," the Court articulated the following four elements that the Court "expect[ed] to see in any viable amended class action complaint":

- "An amended complaint should expressly identify each of Plaintiffs' allegations against Defendants in this action.

- "Any allegation of fraudulent concealment sufficient to toll the statute of limitations must be pled with particularity under the Federal Rules and must comport with further standards in this Circuit. *See* Fed. R. Civ. P. 9(b); *Larson v. Northrop Corp.*, 21 F.3d 1164, 1172-74 (D.C. Cir. 1994).

- "An amended complaint should sufficiently describe each named Plaintiff's employment dates and circumstances so as to make clear his connection, if any, to Defendants during each portion of the proposed class period.

- "The amended complaint should set forth a class definition that will be consistent with any subsequently renewed motion for class certification."

*Id.* The Court also directed Defendants to focus their response on any prejudice that amendment would create, but to postpone any statute of limitations arguments until a more suitable motion under a less generous standard. *See id.* (citing Fed. R. Civ. P. 15(a)(2) for amending complaint).

The parties proceeded to brief Plaintiffs' motion to amend, punctuated only by an unsuccessful period of mediation. Plaintiffs' reply brief attached expert reports that Defendants had marked as confidential or containing confidential information pursuant to the parties' [37] Stipulated Confidentiality Agreement and Protective Order ("Protective Order"). That public filing drew Defendants' immediate objections, which resulted in the Court's decision to seal the attachments containing Colonial's expert reports and to defer a decision as to the portion of Colonial's request seeking sanctions for Plaintiffs' breach of the Protective Order. *See* Colonial's Emergency Mot. to Seal and for Sanctions, ECF No. 75; Min. Order of Sept. 27, 2018.[2]

Briefing having concluded, the Plaintiffs' motion to amend is now ripe for decision. The Court shall address Colonial's ripe motion for sanctions in a separate ruling.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), captioned "Amendments Before Trial," a party is permitted to amend its complaint or other pleading "once as a matter of course within" certain alternative time periods. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 makes clear that when the court's leave is sought, that leave should be "freely give[n] . . . when justice so requires." *Id.*; *see Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996) (finding that leave to amend a complaint is within the court's discretion and "should be freely given unless there is a good reason . . . to the contrary"); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (noting that "it is an abuse of discretion to deny leave to amend unless there is sufficient reason").

---

[2] FCE did not move to seal its expert report that Plaintiffs had attached to their reply brief.

3

"When evaluating whether to grant leave to amend [under Rule 15(a)(2)], the Court must consider (1) undue delay; (2) prejudice to the opposing party; (3) futility of the amendment; (4) bad faith; and (5) whether the plaintiff has previously amended the complaint." *Howell v. Gray*, 843 F. Supp. 2d 49, 54 (D.D.C. 2012) (citing *Atchinson v. District of Columbia*, 73 F.3d 418 (D.C. Cir. 1996) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"Courts that have found an undue delay in filing [a proposed amended complaint] have generally confronted cases in which the movants failed to promptly allege a claim for which they already possessed evidence." *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 301 F.R.D. 5, 9 (D.D.C. 2013). An amendment may be unduly prejudicial if it "substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation"; it would "put [the opponent] to added expense and the burden of a more complicated and lengthy trial"; or it raises "issues . . . [that] are remote from the other issues in the case." *Djourabchi v. Self*, 240 F.R.D. 5, 13 (D.D.C. 2006) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (2d ed. 1990)) (internal quotation marks omitted). With respect to the futility of an amendment, a district court may properly deny a motion to amend if "the amended pleading would not survive a motion to dismiss." *In re Interbank Funding Corp. Sec. Litig.*, 629 F.3d 213, 218 (D.C. Cir. 2010) (citing, e.g., *Foman*, 371 U.S. at 182). "With respect to bad faith, courts generally consider the length of the delay between the latest pleading and the amendment sought. However, delay alone is an insufficient ground to deny the motion unless it prejudices the opposing party." *Djourabchi*, 240 F.R.D. at 13 (citing Wright, Miller & Kane, *supra*, § 1488).

"Because amendments are to be liberally granted, the non-movant bears the burden of showing why an amendment should not be allowed." *Abdullah v. Washington*, 530 F. Supp. 2d 112, 115 (D.D.C. 2008).

## III. DISCUSSION

Plaintiffs propose an Amended Complaint that substantially expands their allegations against Colonial and FCE. Their premise for tripling the length of the Complaint is that the voluminous discovery in this matter—which concluded prior to their motion—has given Plaintiffs greater insight into Defendants' alleged violations of ERISA. *See* Pls.' Mem. at 1. Plaintiffs explain that they substantially expanded allegations regarding two original claims in what are now "Count One Relating to Excessive Fees" and "Count Three Relating to the Dependent Coverage." *See* Pls.' Mem. at 2; [Proposed] Am. Compl., ECF No. 65-1, ¶¶ 37-105, 143-65, 184-85, 192-93. Plaintiffs also describe four new claims "that are not identified in the Original Complaint, but [purportedly] arise from the same breaches of fiduciary duty that were asserted in it." Pls.' Mem. at 3. Those new claims consist of a payroll tax claim, an interest earnings claim, an ACEC Plan surplus claim, and a Forge Plan surplus claim. *Id.*; Pls.' Reply at 3. The first three of those "claims" appear to be nestled within "Count Two Relating to the ACEC Plan and the DUB Benefit," as evidenced, for example, by the three separate requests for relief falling under Count Two. *See* [Proposed] Am. Compl., ECF No. 65-1, ¶¶ 186-91; *see also id.* ¶¶ 113-23, 132-33. "Count Four Relating to the Forge Plan Surplus" clearly covers the last of Plaintiffs' admittedly new claims. *Id.* ¶¶ 166-74, 194-96.

At the threshold, the Court disposes of Defendants' efforts to defend against Plaintiffs' motion based on an incorrect standard. Defendants argue, in the first instance, that the Court should evaluate Plaintiffs' motion under Rule 16(b), because that rule purportedly applies to

proposed amendments that fail to comply with a scheduling order. *See* FCE's Opp'n at 12-13 (citing, e.g., *Wallace v. AlliedBarton Sec. Servs., LLC*, 309 F.R.D. 49 (D.D.C. 2015) (Kollar-Kotelly, J.)); Colonial's Opp'n at 2-3 (same). The Court need not consider, however, the appropriate standard for a motion filed after a scheduled deadline. Rule 15(a) is the correct standard for a motion to amend a complaint that *does* comply with the Court's schedule. It is true that this motion post-dates the initially scheduled deadline for motions to amend pleadings. *See* Scheduling and Procedures Order, ECF No. 21 (setting deadline of Sept. 15, 2016). But that deadline preceded most of discovery. Only after discovery did the Court expressly invite a motion to amend when the Court denied without prejudice the motion for class certification. *See Abraha II*, 311 F. Supp. 3d at 41-42. When Plaintiffs indicated that they wanted to pursue that option, the Court set a briefing schedule for them to do so. Min. Order of May 17, 2018.[3] Plaintiffs' motion was timely pursuant to that schedule.

In the course of applying the Rule 15(a) standard, which Defendants address in the alternative, the Court shall nevertheless consider the basis for their assertion that Plaintiffs' proposed amendment is unjustifiably late. The Court also shall evaluate the other two *Foman* factors at issue, namely prejudice and futility. As for the last few factors, Defendants do not argue that Plaintiffs have acted in bad faith. Nor are there previous amendments to weigh against granting this one.

Setting aside Rule 16(b), Defendants' main argument for undue delay is that Plaintiffs knew about their new claims for a long time—but did not seek leave to amend any sooner. *See*

---

[3] When the Court subsequently issued its Minute Order of May 22, 2018, vacating that briefing schedule, the Court intended such vacatur to preclude the filing of Plaintiffs' motion, pending the parties' mediation. Perhaps that was not clear to the parties. In any case, Plaintiffs filed their motion. When mediation had run its course, the Court issued a revised schedule for opposition and reply briefs. *See* Min. Order of Aug. 16, 2018.

*United States ex rel. Westrick*, 301 F.R.D. at 9; Colonial's Opp'n at 5; FCE's Opp'n at 13. Yet, that delay does not weigh heavily against Plaintiffs when they attribute their amendments to the fruits of discovery, which concluded only shortly before they filed their motion with the Court's permission. Although Plaintiffs could have moved sooner without the Court's permission, the Court cannot say, in the current posture, that their decision not to do so was in error.

Defendants also attribute prejudice to any new claims that would become operative only after discovery has concluded. Briefing raises the prospect that Defendants knew about these new claims during discovery. *See* Pls.' Reply at 4-5. Plaintiffs attempt to prove this awareness by reference to, among other things, Defendants' expert reports, some of which were the subject of Colonial's motion to seal and for sanctions. *See id.*; Colonial's Emergency Mot. to Seal and for Sanctions, ECF No. 75. But, even if Defendants did know about Plaintiffs' new claims, which the Court need not decide, the Court would expect them to structure their discovery based on the operative complaint. Any prejudice to Defendants from a decision not to pursue discovery as to new claims could be mitigated by re-opening discovery exclusively for Defendants. Although such a re-opened discovery period would entail additional preparation and expense, the issues involved are connected to those already raised in the Complaint, and this discovery would not be so late as to interfere with pretrial preparations—the Court has yet to entertain summary judgment briefing. *See Djourabchi*, 240 F.R.D. at 13. While Defendants have given some examples of further discovery that they would pursue if Plaintiffs' Amended Complaint were operative, Defendants have not given the level of detail necessary to win the Court's consent just yet. *See* Colonial's Opp'n at 7-9; FCE's Opp'n at 15. That deficiency could be remedied through a discovery plan setting forth the parameters, in detail, for Defendants' further discovery.

Lastly, Defendants urge various grounds for finding that the Amended Complaint would be futile. The Court need deal only with their arguments that the Amended Complaint would not withstand a motion to dismiss. *See In re Interbank Funding Corp. Sec. Litig.*, 629 F.3d at 218. Notably, the Court already denied, in large part, Defendants' motion to dismiss the operative complaint. It is not immediately apparent that the expanded allegations about excessive fees and dependent coverage render the broader claims more susceptible to dismissal. Nor does the minimal briefing about the merits of Plaintiffs' proposed new claims clearly demonstrate their futility.

Moreover, the amended pleading attempts to address the further criteria expressly identified by the Court when it denied Plaintiffs' motion for class certification. Plaintiffs incorporate allegations that featured in their class certification briefing but not in the Complaint; allegations pertinent to a "fraudulent concealment" rebuttal to Defendants' statute of limitations defense; allegations specific to each named Plaintiff; and a proposed class definition derived in part from the class certification briefing.

The Court finds that none of Defendants' other arguments affect the Court's exercise of its discretion.

## IV. CONCLUSION

For the foregoing reasons, and in an exercise of its discretion, the Court shall **GRANT** Plaintiffs' [65] Motion to Amend to Their Complaint. This case shall proceed under Plaintiffs' [65-1] Amended Complaint, which shall be separately docketed as of this date. Defendants shall respond to Plaintiffs' Amended Complaint by no later than **APRIL 19, 2019**.

By no later than **APRIL 26, 2019**, the parties shall submit a notice consisting of a Joint Discovery Plan. That Plan shall identify, with specificity, the further discovery that Colonial and FCE propose based on the Amended Complaint, including a timeline for such discovery. Plaintiffs

8

shall identify any such discovery that Defendants already received as to the now-operative claims. Because a premise of the Amended Complaint is that Plaintiffs already have discovery to support their allegations, Plaintiffs shall not be permitted further discovery.

A separate Order accompanies this Memorandum Opinion.

Dated: April 5, 2019

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge