Berthe Benyam Abraha, *et al.*,

   *Plaintiffs*,

 v.

Colonial Parking, Inc., *et al.*,

   *Defendants.*

Civil Action No. 16-680 (CKK)

**MEMORANDUM OPINION**
(April 10, 2019)

  Defendant Colonial Parking, Inc.'s ("Colonial") [75] Emergency Motion to Seal and for Sanctions remains pending only as to sanctions. Upon consideration of the briefing,[1] the relevant legal authorities, and the record as a whole, the Court shall **GRANT** the outstanding sanctions portion of Colonial's [75] Emergency Motion to Seal and for Sanctions. Plaintiffs' counsel, Edward Scallet, is responsible for paying Colonial's reasonable attorney's fees and costs for preparing its Emergency Motion to Seal and for Sanctions, as well as Colonial's reply brief in support thereof.

  During briefing of Plaintiffs' [65] Motion to Amend to Their Complaint, Plaintiffs submitted a reply attaching exhibits consisting of two expert reports produced by Defendant Colonial and one produced by Defendant FCE Benefits Administrators, Inc. ("FCE"). *See* Pls.' Reply in Supp. of Their Mot. to Amend Compl., ECF No. 72, at 4-5 & n.1. Plaintiffs cited these

---

[1] The Court's consideration has focused on the following documents:

- Colonial's Mem. in Supp. of Its Emergency Mot. to Seal and for Sanctions, ECF No. 75-1 ("Colonial's Mem.");
- Pls. [sic] Reply to Def. Colonial's Mot. for Sanctions, ECF No. 76 ("Pls.' Opp'n"); and
- Colonial's Reply in Supp. of Its Emergency Mot. to Seal and for Sanctions, ECF No. 77 ("Colonial's Reply").

reports purportedly to show that Defendants were on notice—during discovery—of Plaintiffs' new claims contained in the proposed Amended Complaint. *See id.* at 4-5.

That public filing drew Defendants' immediate objections based on the parties' [37] Stipulated Confidentiality Agreement and Protective Order ("Protective Order"), which had been agreed to by Plaintiffs' counsel, including Mr. Scallet. The cover page and most of the pages within each of the three expert reports were marked as confidential or containing confidential information. Nevertheless, Plaintiffs had filed these reports on the public docket without conferring beforehand with Defendants, without obtaining a court order, and without filing an accompanying motion to seal.

At Defendants' behest, Plaintiffs filed a motion to strike the three exhibits on the grounds that Plaintiffs had "mistakenly" posted "documents . . . designated by defendants as confidential." Pls.' Mot. to Withdraw Exs., ECF No. 73. When that failed to placate Defendants—even stricken documents are publicly accessible—Plaintiffs moved to seal all three exhibits and withdraw their motion to strike. Pls.' Mot. to Seal, ECF No. 74. The Court withdrew Plaintiffs' motion to strike, as requested, but denied their motion to seal for failure to make the requisite showing under *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). Min. Order of Sept. 24, 2018. The Court allowed any party to move to seal based on an appropriate showing under *Hubbard*. *Id.*

Of the two Defendants, only Colonial took that opportunity. Colonial's [75] Emergency Motion to Seal and for Sanctions sought to seal Colonial's two expert reports that Plaintiffs had publicly filed. Upon considering that motion in light of *Hubbard*, the Court ruled that "Colonial ha[d] made a sufficient showing of confidential business information" in the two reports, each of which was "expressly designated as 'CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER.'" Min. Order of Sept. 27, 2018. Those reports were in turn placed under seal. The Court expressly

2

deferred a decision as to Colonial's ancillary request for sanctions. *Id.* Plaintiffs nevertheless submitted a response to the pending sanctions portion of Colonial's motion, in support of which Colonial filed a reply.

The Court later issued a decision as to Plaintiffs' motion to amend. *See* Mem. Op., *Abraha v. Colonial Parking, Inc.*, Civil Action No. 16-680 (CKK), 2019 WL 1506005 (D.D.C. Apr. 5, 2019), ECF No. 79. Although the Court granted Plaintiffs' motion, the Court did not need to make a finding as to whether Defendants were on notice of Plaintiffs' new claims during discovery, because re-opening discovery for Defendants would mitigate any prejudice. *See* Mem. Op., ECF No. 79, at 7. Accordingly, the Court did not rely upon Colonial's (or FCE's) expert reports for either the ostensible reason that Plaintiffs proffered them, or for any other reason.

With that background, the Court can return to the outstanding portion of Colonial's [75] Emergency Motion to Seal and for Sanctions, namely the request for two types of sanctions. First, Colonial asks the Court not to consider the expert reports when ruling on Plaintiffs' motion to amend. Colonial's Mem. at 7. The Court acquiesces to that request because the Court found it unnecessary to rely on the reports. Second, Colonial requests the sanction of attorney's fees and costs for the trouble of filing its presently pending motion and its reply. *Id.*; Colonial's Reply at 3. For the reasons that follow, that sanction is justified.

As part of the Court's inherent authority, the Court may "fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)) (internal quotation marks omitted). One such abuse is the "willful disobedience of a court order." *Chambers*, 501 U.S. at 45 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258 (1975)) (internal quotation marks omitted). The Court has the discretion to grant a

compensatory award of attorney's fees and costs expended by a counter-party in response to that behavior. *Id.*; *Goodyear Tire & Rubber Co.*, 137 S. Ct. at 1186. Willful disobedience is among the "narrowly defined circumstances" in which the monetary sanction may be assessed against the offending party's counsel himself. *Chambers*, 501 U.S. at 45 (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-66 (1980); citing *Alyeska Pipeline Serv. Co.*, 421 U.S. at 258) (internal quotation marks omitted).

Plaintiffs' reply in support of their motion to amend, and their subsequent pleadings focused on the confidential expert reports, have demonstrated willful disobedience of a court order and are subject to sanction. First, Plaintiffs violated the Protective Order. The reply brief attached expert reports that were clearly marked as confidential. The Protective Order established a process for any challenge to confidentiality designations or public record use of confidential information.

> Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this Action any Confidential Information received from the Producing Party without first seeking to file it under seal. . . .
>
> . . . A designation of confidentiality may be challenged upon motion. . . . Pursuant to Federal Rule of Civil Procedure 26(c) . . . in the event a Party challenges another Party's or non-Party's confidential designation, counsel will make a good faith effort to resolve the dispute prior to bringing a motion challenging the designation of Discovery Materials as Confidential. . . .

Protective Order ¶¶ 8, 11. Plaintiffs did not abide by any aspect of that process before posting the expert reports. Yet, Plaintiffs were clearly aware of confidentiality issues. The very footnote in their reply brief that identifies the expert reports in accompanying exhibits expressly observes that one of FCE's expert reports is not included "*because FCE has designated it as confidential.*" Pls.' Reply in Supp. of Their Mot. to Amend Compl., ECF No. 72, at 5 n.1 (emphasis added). Plaintiffs were also aware of the appropriate procedures for dealing with material designated as confidential, for they indicate that "plaintiffs will file [that expert report] *and a motion to seal* if the Court

4

believes that to be necessary." *Id.* (emphasis added). The Court does not understand why Plaintiffs posted other reports on the open docket that are unmistakably marked confidential. After the fact, Plaintiffs try to create a safe harbor for their counsel's own determination that certain documents designated by Defendants as containing Confidential Information—as defined in the Protective Order—do not contain Confidential Information. *See* Pls.' Opp'n at 7. But such an exception would eviscerate the protections under the Protective Order. The Court granted Colonial's motion to seal its expert reports based on the representation and appearance that Colonial's expert reports contained varying amounts of confidential business information. *See, e.g.*, Colonial's Mem. at 5. Any arguments Plaintiffs may have had that such information was not confidential should have been resolved with Colonial prior to shifting the issue to the Court by Plaintiffs' inappropriate public filing.

Second, Plaintiffs' disobedience of the Protective Order was willful. They indicated in their motion to strike that filing the expert reports was a mistake. Pls.' Mot. to Withdraw Exs., ECF No. 73. Already this representation was suspect based on the aforementioned footnote demonstrating an awareness of confidentiality issues with the expert reports. But then Plaintiffs reversed course in their opposition to Colonial's motion to seal and for sanctions. No longer did they represent their action as a mistake. Rather, Plaintiffs described a calculated decision to proceed with their own "good faith" assessment that the three posted reports did not contain confidential information. Pls.' Opp'n at 7 & n.3. This brazen about-face risks running afoul of Federal Rule of Civil Procedure 11, but because Colonial does not argue those grounds for sanctions, the Court shall not consider Rule 11 any further. It is enough to find that Plaintiffs have violated the Court's Protective Order, which requires a conferral process or court order prior to posting any information designated confidential, or, alternatively, a motion to seal accompanying

5

any such filing. *See* Protective Order ¶¶ 8, 11.

In short, Plaintiffs demonstrated willful disobedience of a court order by 1) failing to observe the Protective Order, despite their awareness of confidentiality concerns, and 2) misrepresenting their mental state before ultimately admitting their intent, but not accepting responsibility.

The Court shall not, however, visit the sins of counsel upon his clients. Plaintiffs' briefing is clear that their counsel, Mr. Scallet, made the decision to proceed with the prohibited filing. Pls.' Opp'n at 7. Accordingly, Plaintiffs' counsel alone shall bear responsibility for the sanctions described below.

"Like other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record." *Roadway Express, Inc.*, 447 U.S. at 767. Colonial's motion placed Plaintiffs and their counsel on notice of the pending request for sanctions. In their opposition brief, Plaintiffs and their counsel have had the opportunity to express their views. They have not requested a hearing to air those views further, nor does the Court find that such a hearing would be helpful to the resolution of the pending motion. Accordingly, the Court shall proceed with sanctions on the basis of the briefing.

For the foregoing reasons, and in an exercise of its discretion, the Court shall **GRANT** the outstanding sanctions portion of Colonial's [75] Emergency Motion to Seal and for Sanctions. By **APRIL 24, 2019**, Colonial shall identify its reasonable attorney's fees and costs for preparation of its [75] Emergency Motion to Seal and for Sanctions, as well as its [77] Reply in Support of Its Emergency Motion to Seal and for Sanctions. Plaintiffs' counsel shall be given an opportunity to object only to the reasonableness of the requested fees. The Court shall assess the reasonableness of Colonial's fees request and issue a further Order requiring Plaintiffs' counsel, Edward Scallet,

to pay those fees.  The Clerk of Court shall tax Colonial's costs to Mr. Scallet.

A separate Order accompanies this Memorandum Opinion.

Dated: April 10, 2019

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge