IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BENYAM ABRAHA, *et al.*,
Plaintiffs,

v.

COLONIAL PARKING, INC., *et al.*,
Defendants.

Civ. Act. No. 1:16-00680 (CKK)

# FINAL ORDER AND JUDGMENT

This litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA").

The Court previously entered an Order Preliminarily Approving the Class Action Settlement Agreement ("Preliminary Approval Order") dated July 31, 2020, preliminarily approving the Settlement, conditionally certifying the putative class in this action for settlement purposes, ordering a Class Notice to be mailed and published on the internet, scheduling a Fairness Hearing for January 8, 2021, at 10 a.m., and providing those persons with an opportunity to object to the proposed settlement.[1] This Court held a Fairness Hearing on January 8, 2021, to determine whether to give final approval to the proposed settlement. Due and adequate notice having been given to the Settlement Class as required in the Preliminary Approval Order, and the Court having considered the Settlement Agreement, all papers filed and proceedings held herein, and good cause appearing therefore,

---

[1] This Judgment incorporates by reference the definitions in the Class Action Settlement Agreement ("Settlement Agreement"), and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The Court has jurisdiction over the subject matter of this action and all Parties to the action, including all members of the Settlement Class.

2. The terms of the Settlement Agreement are fully incorporated in this Judgment as if set forth fully here.

3. On July 31, 2020, pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(1) and 23(e), the Court conditionally certified the following Settlement Class:

> Individuals who participated in the Forge Company Health and Welfare plan who also received a DUB Benefit distribution between October 1, 2006 and December 31, 2015

4. The Court finds that the Settlement Class meets all requirements of Federal Rule of Civil Procedure 23(a) for certification of the class claims alleged in the Amended Complaint, including (a) numerosity; (b) commonality; (c) typicality; and (d) adequacy of the Class Representatives and Class Counsel.

5. The Court finds that the prerequisites of Rule 23(b)(1) have been satisfied in that the prosecution of separate actions by individual members of the Settlement Class would create a risk of (a) inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendants; and (b) adjudications with respect to individual Settlement Class members would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

6. Pursuant to Federal Rule of Civil Procedure 23(a), the Court finds that Named Plaintiffs Benyam Abraha, Samuel Habtewoled, Gedlu Melke, and Esayas Akalu are members of the Settlement Class, their claims are typical of those of the Settlement Class, and they fairly and

adequately protected the interests of the Settlement Class throughout the proceedings in this Action. Accordingly, the Court hereby appoints Benyam Abraha, Samuel Habtewoled, Gedlu Melke, and Esayas Akalu as Class Representatives.

7.  Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Class Counsel has fairly and adequately represented the Settlement Class for the purposes of entering into and implementing the Settlement, and thus, hereby appoints Eascolaw, PLLC and Susan Baron, Esq., as Class Counsel to represent the members of the Settlement Class.

8.  The Court directed that Class Notice be given pursuant to the notice program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-appointed notice program: (a) on or about August 21, 2020, Class Counsel posted the Settlement Agreement and Class Notice on the firm's websites; and (b) on or about August 21, 2020, Class Counsel caused copies of the Notice of Class Action Settlement to be mailed to members of the Settlement Class.

9.  The Class Notice and Internet/Publication of Class Notice (collectively, the "Class Notice") advised members of the Settlement Class of the: (a) terms of the Settlement; (b) the Fairness Hearing and the right to appear at such Fairness Hearing; (c) inability to opt out of the Settlement Class; (d) right to object to the Settlement, including the right to object to the Settlement or the application for reimbursement of expenses, or the Incentive Awards to Benyam Abraha, Samuel Habtewold, Gedlu Melke, and Esayas Akalu as Class Representatives; (e) the procedures for exercising the foregoing rights; and (f) the binding effect of this Judgment, whether favorable or unfavorable, to the Settlement Class, including the scope of the Released Claims described in the Settlement Agreement.

10. The Class Notice met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution, and any other applicable law. The Court further finds that Notice in the form approved by the Court complied fully with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), and that it constituted the best practicable notice under the circumstances. The Court further finds that Defendants complied with the provisions of CAFA. The Court further finds that the form of Class Notice was concise, clear, and in plain, easily understood language, and was reasonably calculated under the circumstances to apprise of: (a) the pendency of the Action; (b) the claims, issues and defenses of the Settlement Class; (c) the definition of the certified Settlement Class; (d) the right to object to the proposed Settlement, including the right to object to the Settlement or the application for reimbursement of expenses, or the Incentive Awards to Benyam Abraha, Samuel Habtewold, Gedlu Melke, and Esayas Akalu; (e) the right to appear at the Fairness Hearing, through counsel if desired; and (f) the binding effect of a judgment on members of the Settlement Class, including the scope of the Released Claims described in the Settlement Agreement.

11. The Court finds after a hearing and based upon all submissions of the Parties and interested persons that the Parties' proposed Settlement is fair, reasonable, and adequate. The Court also finds that the proposed Settlement is consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution, and other applicable law. In so finding, the Court has considered and found that:

    A. The Settlement provides for significant monetary contributions to the Settlement Class.

    B. The terms and provisions of the Settlement were entered into by experienced counsel and only after extensive, arm's-length negotiations conducted in good faith.

The Settlement is not the result of collusion.

    C. Those negotiations were preceded by an extensive investigation into the factual and legal issues surrounding Named Plaintiffs' claims, as well as discovery.

    D. Those proceedings gave Class Counsel the opportunity to adequately assess this case's strengths and weaknesses and thus to determine whether the Settlement was in the best interests of the Class.  Class Counsel was cognizant that there was no guarantee of success in this case.

    E. Approval of the Settlement will result in substantial savings of time, money and effort for the Court and the Parties, and will further the interests of justice.  Defendants denied and continue to deny Plaintiffs' claims and allegations against them and raised various factual and legal arguments in support of their defenses in this Action.

  12. The Court finds that the payments to the Settlement Fund set forth in Section 6 of the Settlement Agreement are fair, reasonable and adequate to the Settlement Class Members and directs that such payments be made.

  13. The Court finds that the Plan of Allocation set forth in Section 7 of the Settlement Agreement is fair and reasonable to the Settlement Class Members and directs the Settlement Administrator to make distributions pursuant to the Plan of Allocation.

  14. The Settlement Administrator is hereby authorized to pay all Administrative Expenses from the Settlement Fund on or after the Effective Date.

  15.  Pursuant to Federal Rule of Civil Procedure 23(h), Class Counsel is hereby awarded  $69,800.32, in reimbursement of Class Counsel's reasonable expenses incurred in prosecuting the Action.  The Settlement Administrator shall pay this reimbursement from the Settlement Fund.

16. Class Counsel has moved for $15,000 Incentive Awards for each of Named Plaintiffs Benyam Abraha, Samuel Habtewoled, Gedlu Melke, and Esayas Akalu. The Court hereby grants in the amount of $15,000 Class Counsel's motion for Incentive Awards to be paid to each Named Plaintiff. The Settlement Administrator shall pay such amount to Named Plaintiffs from the Settlement Fund.

17. All members of the Settlement Class are bound by this Judgment and by the terms of the Settlement, including the scope of the Released Claims described in the Settlement Agreement.

18. The Settlement, this Judgment, and/or the fact of the Settlement do not constitute any admission by any of the Parties of any liability, wrongdoing or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Action. If the Settlement Agreement is terminated for any reason, the Settlement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission by a Party of any fact, matter, or position of law, and the Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

19. The Court hereby dismisses with prejudice the Action, Amended Complaint and all Released Claims identified in the Settlement Agreement against each and all Released Parties and without costs within the meaning of Rule 54 of the Federal Rules of Civil Procedure to any of the Parties as against the others,

20. "Released Parties" shall mean, with respect to the Released Claims, the Defendants, the Plan's and the ACEC Plan's current and past trustees, all fiduciaries of the Plan, all fiduciaries of the ACEC Plan, any and all of their Affiliates, predecessors, successors and assigns, parent corporations, subsidiary corporations, and divisions, joint venturers, partners, and

all of their past and present shareholders, members, owners, employees, officers and directors, insurers, representatives, attorneys, administrators, accountants, auditors, advisors, consultants, and agents, whether acting as agents or in their individual or corporate capacities. The term Released Parties includes, but is not limited to, The Forge Company. The term Released Parties does not include the Independent Fiduciary retained by Colonial pursuant to Section 4 of the Settlement Agreement.

21. "Released Claims" shall mean any and all claims, that have been or could be asserted by the Named Plaintiffs and the other Settlement Class Members, including but not limited to claims asserted by them to recover alleged losses to the Plan, of any nature whatsoever, (including, but not limited to, claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement of fees, litigation costs, injunction, declaration, contribution, indemnification, or any other type or nature of legal or equitable relief), whether accrued or not, whether already acquired, whether known or unknown, in law or equity arising out of any or all of the acts, omissions, facts, matters, transactions or occurrences that are, were or could have been alleged, asserted, or set forth in the Amended Complaint or the Action, or that are related in any way to any of the allegations or claims asserted in the Amended Complaint or the Action to the fullest extent permitted by law. Released claims include, but are not limited to (i) any and all claims relating, directly or indirectly, to any services provided by FCE to the Plan and/or the ACEC Plan; (ii) any and all claims relating, directly or indirectly, to Colonial's roles with, and obligations to, the Plan and/or the ACEC Plan, if any; (iii) any and all claims relating, directly or indirectly, to the Plan and/or the ACEC Plan; (iv) any and all claims for violations of ERISA, including but not limited to claims relating to the design, provision, oversight, monitoring, control, administration, reporting, disclosure, and/or payment of DUB Benefits, claims alleging excessive fees, claims alleging prohibited transactions, and claims alleging any loss to the Plan

and/or the ACEC Plan; (v) any and all claims asserted or which could have been asserted in the Action; and (vi) any and all claims for attorney's fees, costs, or expenses.

22.     It is further ordered that, as of the Effective Date of the Settlement Agreement, Named Plaintiffs, the Settlement Class, and each Settlement Class Member on their own behalf and on behalf of their present or former heirs, beneficiaries, executors, administrators, estates, agents, employees, advisors, trustees, successors, and assigns shall be deemed to have absolutely and unconditionally fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants, and all other Released Parties from all Released Claims, including but not limited to all Released Claims alleging violations of ERISA Section 502(a)(2), whether or not such Settlement Class Members have filed an objection to the Settlement or to any application by Class Counsel for reimbursement of expenses, and whether or not the objections or claims for distribution of such Settlement Class Members have been approved or allowed.  The Settlement Class covenants and agrees: (a) not to file against any of the Released Parties any claim based on, related to, or arising from any Released Claim, including but not limited to all Released Claims alleging violations of ERISA Section 502(a)(2); and (b) that the forgoing covenants and agreements shall be a complete defense to any such claim against any Released Party.

23.     It is further ordered that as of the Effective Date of the Settlement Agreement, Defendants shall be deemed to have absolutely and unconditionally released and forever discharged the Named Plaintiffs, the Settlement Class, and Class Counsel from any and all claims relating to the institution or prosecution of the Action.

24.     It is further ordered that as of the Effective Date of the Settlement Agreement, Defendants shall be deemed to have absolutely and unconditionally fully, finally, and forever settled, released, relinquished, waived, and discharged each other from any and all indemnification and contribution claims with respect to the Settlement Amount and any and all

claims for attorney's fees, costs, or expenses incurred in this Action. However, this release does not include any release of the Settlement Administrator regarding its obligations to implement the terms of this Settlement Agreement or preclude any action to enforce the terms of this Settlement Agreement against any Party to this Settlement Agreement.

25.   It is further ordered that as of the Effective Date of the Settlement Agreement, Defendants shall be deemed to have absolutely and unconditionally fully, finally, and forever settled, released, relinquished, waived, and discharged each other from any and all indemnification and contribution claims with respect to the Settlement Amount and any and all claims for attorney's fees, costs, or expenses incurred in the Action.

26.   The Court retains jurisdiction over the implementation, administration, and enforcement of this Judgment and the Settlement, and all matters ancillary thereto through January 11, 2022. The Court will not retain jurisdiction over this action thereafter.

27.   The Court finds that no reason exists for delay and, therefore, enters final judgment in this action, in accordance with this Order.

SO ORDERED this __14th__ day of ____January____, 2021.

_/s/_____
UNITED STATES DISTRICT JUDGE
The Honorable Colleen Kollar-Kotelly